UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
TAMPA DIVISION

TALISHA S. BOWERS,

    Plaintiff,

v.                                                CASE No. 8:09-CV-889-T-TGW

MICHAEL J. ASTRUE,
Commissioner of Social Security,

    Defendant.
_____

## ORDER

The plaintiff in this case seeks judicial review of the denial of her claims for Social Security disability benefits and supplemental security income payments.* Because the plaintiff has failed to show that the decision of the Commissioner of Social Security is not supported by substantial evidence or contains any reversible error, the decision will be affirmed.

I.

The plaintiff, who was twenty-eight years old at the time of the administrative hearing and who has at least the equivalent of a high school

---

*The parties have consented in this case to the exercise of jurisdiction by a United States Magistrate Judge (Doc. 19).

education, has worked as an administrative assistant, secretary, cashier, and clerical worker (Tr. 92, 114, 440, 441). She filed claims for Social Security disability benefits and supplemental security income payments, alleging that she became disabled due to major depression, anorexia, obsessive compulsive disorders, diarrhea, and bowel pain (Tr. 91). The claims were denied initially and upon reconsideration.

The plaintiff, at her request, then received a <u>de novo</u> hearing before an administrative law judge. The law judge found that the plaintiff has the following severe impairments (Tr. 22):

> Chron's [sic] disease, with history of surgical resection of diseased bowel and fistulectomy; history of duodenal ulcer; cholecystitis, status-post cholecystectomy; esophagitis; gastritis; gastric ulcer; pancreatitis; status-post incisional hernia repair; anemia; and, asthma. The claimant also has an affective disorder variously diagnosed as major depression or bipolar disorder, intermittent explosive disorder, and polysubstance abuse/ dependence (narcotic painkillers), severe mental impairments as evidenced by the following Part B mental limitations: mild restriction in activities of daily living; moderate difficulties in maintaining social functioning; moderate difficulties in maintaining concentration, persistence, or pace; and, no episodes of decompensation of extended duration.

The law judge concluded that these impairments imposed the following restrictions (Tr. 25):

> [T]he claimant has the residual functional capacity to perform a limited range of light work activities. The claimant's ability to perform a full range of said activities is limited in that she can only work in clean-air environments. With her mental impairments, the claimant is also capable of unskilled, low stress work activities only, defined as routine and repetitive, entry-level, one- to two-step tasks involving things rather than people.

The law judge determined that these limitations prevented the plaintiff from returning to past work (Tr. 28). However, based upon the testimony of a vocational expert, the law judge ruled that there are jobs that exist in significant numbers in the national economy that the plaintiff could perform, such as small products assembler, produce inspector, and garment marker (Tr. 29). Accordingly, the law judge decided that the plaintiff was not disabled (id.). The Appeals Council let the decision of the law judge stand as the final decision of the Commissioner.

II.

In order to be entitled to Social Security disability benefits and supplemental security income, a claimant must be unable "to engage in any

substantial gainful activity by reason of any medically determinable physical or mental impairment which ... has lasted or can be expected to last for a continuous period of not less than twelve months." 42 U.S.C. 423(d)(1)(A), 1382c(a)(3)(A). A "physical or mental impairment," under the terms of the Act, is one "that results from anatomical, physiological, or psychological abnormalities which are demonstrable by medically acceptable clinical and laboratory diagnostic techniques." 42 U.S.C. 423(d)(3), 1382c(a)(3)(D).

A determination by the Commissioner that a claimant is not disabled must be upheld if it is supported by substantial evidence. 42 U.S.C. 405(g). Substantial evidence is "such relevant evidence as a reasonable mind might accept as adequate to support a conclusion." Richardson v. Perales, 402 U.S. 389, 401 (1971), quoting Consolidated Edison Co. v. NLRB, 305 U.S. 197, 229 (1938). Under the substantial evidence test, "findings of fact made by administrative agencies ... may be reversed ... only when the record compels a reversal; the mere fact that the record may support a contrary conclusion is not enough to justify a reversal of the administrative findings." Adefemi v. Ashcroft, 386 F.3d 1022, 1027 (11th Cir. 2004) (en banc), cert. denied, 544 U.S. 1035 (2005).

It is, moreover, the function of the Commissioner, and not the courts, to resolve conflicts in the evidence and to assess the credibility of the witnesses. Grant v. Richardson, 445 F.2d 656 (5th Cir. 1971). Similarly, it is the responsibility of the Commissioner to draw inferences from the evidence, and those inferences are not to be overturned if they are supported by substantial evidence. Celebrezze v. O'Brient, 323 F.2d 989, 990 (5th Cir. 1963).

Therefore, in determining whether the Commissioner's decision is supported by substantial evidence, the court is not to reweigh the evidence, but is limited to determining whether the record as a whole contains sufficient evidence to permit a reasonable mind to conclude that the claimant is not disabled. However, the court, in its review, must satisfy itself that the proper legal standards were applied and legal requirements were met. Lamb v. Bowen, 847 F.2d 698, 701 (11th Cir. 1988).

III.

The plaintiff's one and a half-page argument challenges the law judge's decision on just one ground (Doc. 16, pp. 7-8). She contends that

"[t]he ALJ relied on an inaccurate hypothetical question to the vocational expert" (Doc. 16, p. 7) (emphasis omitted). This contention lacks merit.

"In order for a vocational expert's testimony to constitute substantial evidence, the ALJ must pose a hypothetical question which comprises all of the claimant's impairments." Wilson v. Barnhart, 284 F.3d 1219, 1227 (11th Cir. 2002). On the other hand, the law judge is not required to include in the hypothetical question allegations that have been properly rejected. Crawford v. Commissioner of Social Security, 363 F.3d 1155, 1161 (11th Cir. 2004). In other words, the operative hypothetical question must contain the individual's vocational profile, including particularly her residual functional capacity, as determined by the law judge.

In this case, the law judge found that the plaintiff was a younger individual with the equivalent of a high school education (Tr. 28) and had the following residual functional capacity (Tr. 25):

> [T]he claimant has the residual functional capacity to perform a limited range of light work activities. The claimant's ability to perform a full range of said activities is limited in that she can only work in clean-air environments. With her mental impairments, the claimant is also capable of unskilled, low stress work activities only, defined

as routine and repetitive, entry-level, one- to two-
step tasks involving things rather than people.

Accordingly, the law judge asked the vocational expert to "[a]ssume a younger individual with a GED" (Tr. 465) and (Tr. 466):

Precluded from performing all but light work. In a
clean air environment. That's unskilled and low
stress, defined as one[-] and two[-]step processes,
routine and repetitive tasks. Primarily working
with things rather than people. Entry level.

The vocational profile found by the law judge clearly matches the pertinent hypothetical question posed to the vocational expert. Consequently, the hypothetical question is not flawed.

The plaintiff points out that the law judge asked the expert two additional questions regarding whether the plaintiff could work if she had to use the bathroom eight to ten times per day for fifteen minutes each time, or if her concentration was affected so that she could not stay on task for one-third to two-thirds of the day (Tr. 466-67). The expert, not surprisingly, said that the jobs he had identified would be precluded (Tr. 467). Those two hypothetical questions, however, are irrelevant since the law judge did not find that the plaintiff would need to use the bathroom eight to ten times per

day, or that she would be unable to stay on task for one-third to two-thirds of the day.

Similarly missing the point is the complaint that the hypothetical question "did not encompass all of Plaintiff's impairments such as her asthma, hallucinations, intermittent explosive disorder, and marked restrictions in her ability to respond appropriately to work pressures and changes in work settings" (Doc. 16, pp. 7-8). This contention is plainly erroneous because, to begin with, it fails to distinguish between impairments, such as asthma, and functional limitations. It is the functional limitations from an impairment, and not the diagnosis of an impairment, that is determinative in an evaluation of disability. See McCruter v. Bowen, 791 F.2d 1544, 1547 (11th Cir. 1986); Moore v. Barnhart, 405 F.3d 1208, 1213 n. 6 (11th Cir. 2005); Davis v. Barnhart, 153 Fed. Appx. 569, 572 (11th Cir. 2005) (unpub. dec.). In all events, the law judge did not find that the listed conditions created any functional limitations beyond those set forth in the plaintiff's residual functional capacity.

In short, there is nothing wrong with the operative hypothetical question. If the plaintiff thought that the question should have contained

greater restrictions, she needed to challenge the law judge's determination of her residual functional capacity. However, she did not do so. Importantly, the scheduling Order in this case directed the plaintiff to "identify with particularity the discrete grounds upon which the administrative decision is being challenged" and to support the challenges "by citations to the record of the pertinent facts and by citations of the governing legal standards" (Doc. 15, p. 2). The plaintiff has not even attempted to comply with those requirements with respect to the law judge's determination of residual functional capacity. Consequently, any challenge to that determination is deemed abandoned.

It is, therefore, upon consideration

ORDERED:

That the Commissioner's decision is hereby AFFIRMED. The Clerk shall enter judgment in accordance with this Order and CLOSE this case.

DONE and ORDERED at Tampa, Florida, this __ day of April, 2010.

THOMAS G. WILSON
UNITED STATES MAGISTRATE JUDGE